[No. S070028. Oct. 7, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
ANDREW JAMES ALLEN, Defendant and Appellant.

COUNSEL

Barbara Michel, under appointment by the Supreme Court, for Defendant and Appellant.

David D. Carico as Amicus Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Shannon Garcia Chase, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MOSK, J.—We granted review to resolve conflicts in the decisions of the Courts of Appeal on two questions: first, whether a defendant can be convicted of the crime of receiving stolen property (Pen. Code, § 496, subd. (a)) when the evidence shows he is also the thief but the statute of limitations on theft has not run; and second, whether the rule against dual convictions of receiving stolen property and theft also bars dual convictions of receiving stolen property and burglary. Here the Court of Appeal answered the first question in the affirmative and the second in the negative. We answer these questions in the same way and therefore affirm the judgment of the Court of Appeal.

FACTS

On November 1, 1995, between noon and 1:30 p.m., the Hansen home in San Jose was burglarized. Among the items the burglar took were certain pieces of jewelry. At 1:45 p.m. on the same day defendant sold a piece of that jewelry to a secondhand dealer located some six miles from the Hansen home.

Two days later, between 11:00 a.m. and 1:00 p.m., two adjacent homes located a few miles from the Hansen residence were also burglarized. From the first, the home of Darsi Gant and Kip Miller, the burglar took jewelry, a jewelry box, and a credit card. From the second, the Mulvany home, the burglar took jewelry and coins. The burglar left Gant's jewelry box in the Mulvany home. At 1:20 p.m. on the same day defendant sold jewelry taken in the Gant/Miller burglary to a secondhand dealer located three miles from the Gant/Miller home.

Defendant was apprehended two days later when he used Gant's credit card to buy jewelry in a department store. The sales personnel became

suspicious because defendant took no interest in the price or quality of the jewelry and used a credit card he carried in his pocket rather than his wallet. Security agents spoke with Gant by telephone, then detained defendant after he signed Gant's name to the credit card receipt and attempted to leave with his purchases. He was found to be under the influence of heroin and cocaine. A search of his person revealed a hypodermic syringe and other paraphernalia for preparing and injecting heroin, but no cash.

Defendant was charged in three counts with burglary of the Hansen, Gant/Miller, and Mulvany homes. He was also charged with two counts of receiving stolen property in violation of Penal Code section 496, subdivision (a), by selling stolen jewelry.[1] And he was charged in three additional counts with the crimes of access card forgery, of being under the influence of a controlled substance, and of possessing a hypodermic syringe.

At trial defendant conceded to the jury he was guilty beyond a reasonable doubt of all charges except the burglaries. The jury found him guilty on all counts. The court found allegations of a prior conviction and a prior prison term to be true; it rendered a judgment convicting defendant on all counts and sentencing him to prison on all counts, but staying execution of sentence on the two counts of receiving stolen property.

On appeal, defendant challenged the sufficiency of the evidence to support the burglary counts and the prior conviction allegations. The Court of Appeal held the evidence to be sufficient.

In the alternative, defendant also contended on appeal that if the burglary convictions are affirmed, the convictions for receiving stolen property must be reversed because he cannot be convicted of both offenses. He advanced two theories in support of this contention, but the Court of Appeal rejected both and affirmed the judgment. We granted review limited to the two questions stated at the outset of this opinion.

I

Consideration of the first issue requires us to review the common law rule that a person may not be convicted of both stealing and receiving the same property, as well as recent legislation on the subject in the form of a 1992 amendment to section 496.

---

[1]All further references to "section 496" are to Penal Code section 496, subdivision (a). Section 496 prohibits several acts, making punishable one who "buys," "receives," "conceals," "sells," or "withholds" property known to be stolen, or who "aids" another in doing any such act. For convenience, we hereafter refer to the statute most frequently by its common name, receiving stolen property.

## A. *The Common Law Rule*

We restated the common law rule succinctly in the leading case of *People v. Jaramillo* (1976) 16 Cal.3d 752, 757 [129 Cal.Rptr. 306, 548 P.2d 706] (*Jaramillo*). In *Jaramillo* the defendant was observed driving an automobile and engaging in suspicious behavior. A police officer investigated and discovered the vehicle had been stolen 12 days earlier. The defendant was charged with three offenses: grand theft auto (now Pen. Code, § 487, subd. (d)); driving or taking a vehicle of another with or without intent to steal (now Veh. Code, § 10851, subd. (a)); and receiving stolen property. The jury was instructed that it could not find the defendant guilty of both grand theft auto and violating section 10851; but it was *not* instructed that it could not find him guilty of both the theft of the vehicle under section 10851 (i.e., taking with intent to permanently deprive) and receiving the same vehicle as stolen property.

The jury found the defendant guilty of a violation of Vehicle Code section 10851 and of receiving stolen property. The court convicted him of both, but stayed execution of the sentence on the violation of section 10851. On appeal, we surmised that by staying the latter sentence the court was seeking to comply with the statute prohibiting double punishment for an act made criminal by two or more provisions of law. (Pen. Code, § 654.) We continued: "This treatment overlooks, however, the basic problem of whether defendant may properly be *convicted* of both charges, it being a fundamental principle that one may not be convicted of stealing and of receiving the same property. [Citations.]" (*Jaramillo, supra,* 16 Cal.3d at p. 757, italics in original.)

Addressing that problem, we began by recognizing, for example, that "when an accused is convicted of [grand theft auto], which *necessarily* requires a finding that the accused intended to steal, he cannot also be convicted of receiving that same stolen property." (16 Cal.3d at p. 758, italics in original.) The common law rule bars such dual convictions. But the rule also applies "when the record permits an inference which cannot be rebutted" that the jury *might have* predicated its conviction of theft on a finding that the defendant stole the same property that it convicted him of receiving. (*Id.* at p. 759.) Turning to the case at hand, we observed that on its face Vehicle Code section 10851 can be violated either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding). We then reasoned that the record before us permitted and did not rebut an inference that the jury might have based its verdict of violating section 10851 on a finding that the defendant took the vehicle with the intent to permanently deprive its owner

of title or possession and hence with the intent to steal it. Applying the common law rule that a person may not be convicted of stealing and receiving the same property, we reversed both convictions.[2]

The common law rule is illustrated by a pair of factually similar decisions that reach opposite results because of a critical difference in the prosecution's case. In *People* v. *Austell* (1990) 223 Cal.App.3d 1249 [273 Cal.Rptr. 212], the defendant was arrested while driving a stolen car. As in *Jaramillo*, the defendant was charged with and convicted of both a violation of Vehicle Code section 10851 and of receiving the same vehicle as stolen property. The Court of Appeal observed that in *Jaramillo*, "[r]eversal was required because the record permitted an inference, *which was not rebutted*, that the jury *may have* convicted the defendant of violating Vehicle Code section 10851 on the theory that he was the thief." (223 Cal.App.3d at p. 1252, italics in original.) The court stressed that in distinction to *Jaramillo*, in the case before it the prosecutor (1) expressly conceded to the jury that there was no evidence, direct or circumstantial, that it was the defendant who stole the vehicle, (2) told the jury that the prosecution was based on the prohibition of section 10851 against driving with intent to temporarily deprive the owner of possession, and (3) agreed with defense counsel that the sole issue was whether the defendant knew the car was stolen when he obtained it.

The court concluded that "the record as a whole shows [the defendant] was not prosecuted as the thief and rebuts any inference the jury convicted him on that theory," and held that the "conviction on both counts was proper and consistent with [*Jaramillo*] because [the defendant] was *not* found to be both the thief and the receiver." (223 Cal.App.3d at p. 1252, italics in original, fn. omitted.)

By contrast, in *People* v. *Briggs* (1971) 19 Cal.App.3d 1034 [97 Cal.Rptr. 372], the defendant was likewise arrested while driving a recently stolen car and was convicted of both a violation of Vehicle Code section 10851 and of receiving the same vehicle as stolen property, but the record did *not* rebut the inference that the jury might have found him guilty of violating section 10851 because he was the actual thief. On those facts the Court of Appeal reasoned, "it is a fundamental principle that one may not be convicted of stealing, *and* of receiving, the same stolen property." (19 Cal.App.3d at p.

---

[2]Our judgment further provided that if the People did not timely elect to retry the defendant, the trial court should reinstate only the conviction of violating section 10851. (*Jaramillo, supra*, 16 Cal.3d at p. 760.)

1036, italics in original.) Finding no applicable exception to that rule, the court held the defendant could not be convicted of both crimes.[3]

■ The rule of *Jaramillo* and similar cases may be called the *narrow* application of the common law rule. It declares that a defendant "may not be *convicted* of stealing and of receiving the same property." (*Jaramillo, supra,* 16 Cal.3d at p. 757, italics added.) It applies only when the defendant has suffered actual convictions—whether concurrently in one prosecution or consecutively in separate prosecutions—of both stealing and receiving the same property. As we have seen, in such cases the applicability of the rule turns simply on whether the theft conviction was predicated, either necessarily or inferentially, on a finding that the property the defendant stole was the property that he was convicted of receiving.

Other cases, however, illustrate what may be called the *broad* application of the common law rule. It declares that "one cannot *be* both thief and receiver of the same stolen property . . . ." (Annot., Participation in Larceny or Theft as Precluding Conviction for Receiving or Concealing the Stolen Property (1995) 29 A.L.R.5th 59, 107, italics added.) Stated thus broadly, the rule has been invoked not only to preclude dual convictions of both stealing and receiving the same property—as in *Jaramillo*—but also to preclude a conviction of receiving stolen property when the defendant has not been *convicted* of stealing the same property but there is *evidence* implicating him in the theft. (*Id.* at pp. 132-136, collecting cases.) The latter application of the rule, however, has presented a number of problems for the courts.

To begin with, in a series of cases the defendant stretched the rule to its limit by contending that it meant he could not be convicted of receiving stolen property unless the prosecution affirmatively proved, as an element of that crime, that he did *not* also steal the property. Although earlier dicta seemed to support the contention, it was ultimately rejected both in cases in which the defendant was charged only with receiving stolen property (e.g., *People* v. *Marquez* (1965) 237 Cal.App.2d 627, 633-636 [47 Cal.Rptr. 166]) and in cases in which he was charged with receiving stolen property and with its theft, but was acquitted of the latter (e.g., *People* v. *Williams* (1967) 253 Cal.App.2d 952, 958-959 [61 Cal.Rptr. 238]): both held the prosecution could convict the defendant of receiving stolen property without proving beyond a reasonable doubt that he was not the thief.

In many cases, however, there was at least *some* evidence—or a plausible inference—that the defendant had been involved to some degree in the theft

[3]Again the appellate judgment provided that if the People did not timely elect to retry the defendant, the trial court should reinstate only the conviction of violating section 10851. (*People* v. *Briggs, supra,* 19 Cal.App.3d at p. 1037.)

of the property he was convicted of receiving. Rather than grappling with the elusive question of *how much* evidence of theft would trigger the bar of the common law rule, the courts responded by drawing distinctions among the specific acts prohibited by section 496.

First, section 496 prohibits buying or receiving stolen property—the customary business practices of one who acts as a fence. The courts found it logically impossible for a thief who has stolen an item of property to buy or receive that property from himself.[4] The courts therefore had no difficulty in applying the common law rule to such acts: "Clearly a thief may not be convicted under [section 496] of 'buying' or 'receiving' the goods which he has previously stolen" (*People* v. *Tatum* (1962) 209 Cal.App.2d 179, 183 [25 Cal.Rptr. 832], citing cases).[5]

But section 496 also prohibits concealing or withholding stolen property. Whether a conviction of those acts triggers the common law rule was a more difficult question and was addressed in the leading case of *People* v. *Tatum*, *supra*, 209 Cal.App.2d 179 (*Tatum*). In *Tatum* a house trailer was stolen in Los Angeles County and recovered three days later in neighboring Ventura County on property owned by the defendant's father; the trailer had been hidden and its distinguishing license plates and decals had been removed. The defendant was first charged in Los Angeles County with the theft of the trailer, but was acquitted. He was then charged in Ventura County with concealing the trailer in violation of section 496. At trial there was evidence that the defendant had in fact stolen the trailer. The jury was instructed that the prosecution had only to prove the defendant committed acts of concealment after the asportation of the stolen property had ended. The defendant was convicted of concealing stolen property.

The Court of Appeal reversed the judgment. It observed that after *every* theft the thief ordinarily "conceals" and "withholds" the stolen property: "To conceal and withhold is the thief's purpose from the very moment that he gains possession of the property. It is part and parcel of the theft." (*Tatum*, *supra*, 209 Cal.App.2d at p. 183.) The court therefore construed section 496 to exclude such ordinary acts of concealment following a theft. Rather, the

---

[4]Typical was this observation of the court in *People* v. *Bausell* (1936) 18 Cal.App.2d 15, 18 [62 P.2d 774]: "Obviously, if a person is actually a thief he cannot possibly be guilty of receiving the very property which he himself stole." And "Just as a thief cannot receive from himself, he cannot buy from himself." (*People* v. *Stewart* (1986) 185 Cal.App.3d 197, 204 [229 Cal.Rptr. 445].)

[5]The courts recognized a possible exception "when there is evidence of complete divorcement between the theft and a subsequent receiving, such as when the thief has disposed of the property and subsequently receives it back in a transaction separate from the original theft" (*Jaramillo*, *supra*, 16 Cal.3d at p. 759, fn. 8).

court concluded that "in the absence of facts indicating a *complete divorcement* of the concealing activities from the course of conduct of the thief in the initial concealing of the property stolen by him, a thief may not be found guilty of concealment in violation of [section 496]." (209 Cal.App.2d at p. 184, italics added.) Applying that rule to the record, the court found (*id.* at pp. 184-185) "no evidence of concealment independent of that involved in the theft," and held (*id.* at p. 185) that "In the absence of such evidence it was error to instruct the jury that they could find defendant guilty of concealment even though they believed he had stolen the trailer." What was lacking from the prosecution's case, the court explained, was "evidence of acts of concealment entirely separate and apart from the theft and sufficiently removed therefrom to constitute an independent course of conduct" (*ibid.*).[6]

Still more difficulties were caused when, four years before *Jaramillo*, the Legislature amended section 496 to add a prohibition against "selling" stolen property. (Stats. 1972, ch. 963, § 1, p. 1739.) The decisions are in conflict on the issue whether a conviction of the act of selling such property triggers the common law rule. *People* v. *Jackson* (1978) 78 Cal.App.3d 533 [144 Cal.Rptr. 199] (*Jackson*) held it does trigger the rule. In that case the defendant stole a motorcycle and sold it within a day or two to an undercover police officer posing as a fence. He was convicted both of stealing the motorcycle and of "concealing, withholding or selling" it in violation of section 496. (78 Cal.App.3d at p. 535.)[7] On appeal the People contended that although concealing and withholding are acts inherent in the crime of theft, the act of selling is not, and hence by adding the prohibition against that act the Legislature intended section 496 to punish a thief who sells property he has stolen.

The Court of Appeal rejected the contention and reversed the conviction of violating section 496, construing the statute to apply to a sale by a fence but not by a thief. (*Jackson, supra*, 78 Cal.App.3d at p. 539.) The court also

---

[6]The "independent course of conduct" portion of the *Tatum* test (209 Cal.App.2d at p. 185) was apparently derived from that court's reliance (*id.* at pp. 186-187) on the statutory prohibition against double punishment. (Pen. Code, § 654; see, e.g., *Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) But as noted above, we clarified in *Jaramillo* (16 Cal.3d at p. 757) that the common law rule at issue here is wholly distinct from the double punishment prohibition.

[7]Because the defendant in *Jackson, supra*, 78 Cal.App.3d 533, was actually *convicted* of both stealing the property and selling it in violation of section 496, the case could have been decided under the "narrow" application of the common law rule, discussed above. But the court relied instead (*id.* at p. 539) on the test developed by *Tatum, supra*, 209 Cal.App.2d at page 185, for applying the "broad" common law rule, and the decision that disagreed with *Jackson*'s reasoning (*People* v. *Tabarez* (1988) 206 Cal.App.3d 551 [253 Cal.Rptr. 658]) was clearly a "broad" rule case.

relied on the *Tatum* test (209 Cal.App.2d at p. 185), stressing that the defendant stole the goods "for the purpose of selling them, and [therefore] the theft and sale were parts of a single transaction." (78 Cal.App.3d at p. 539.)

*People* v. *Tabarez, supra,* 206 Cal.App.3d 551 (*Tabarez*), held to the contrary. In that case the defendant was convicted of violating section 496 by selling stolen manhole covers to a scrap metal dealer, although there was eyewitness testimony at trial that he was also one of the thieves. Affirming the conviction, the Court of Appeal disagreed with the reasoning of *Jackson, supra,* 78 Cal.App.3d at page 539, and construed section 496 to allow conviction of a thief for selling property he stole.[8] The court gave two principal reasons for its holding: "Unlike the construction given 'buy' or 'receive' [citation], 'sell' is a term necessarily presupposing two parties but *not* precluding the party stealing the goods from the reach of the statute [i.e., if he sells the goods to another]. In addition, unlike 'concealing' and 'withholding,' the sale of stolen property is not part and parcel of the theft itself [i.e., because the thief need not intend to sell the property at the moment he steals it]." (206 Cal.App.3d at p. 554, italics in original.)

The last relevant decision before the 1992 amendment to section 496 was *People* v. *Price* (1991) 1 Cal.4th 324 [3 Cal.Rptr.2d 106, 821 P.2d 610] (*Price*). In that case the defendant was found in possession of guns stolen in a residential burglary. He was convicted, inter alia, of violating section 496 by receiving, concealing, and withholding the guns. On appeal he challenged the latter conviction on the ground (1 Cal.4th at p. 464) that the prosecution's evidence "did not exclude the possibility that defendant himself had stolen" the guns.[9] We rejected the contention and affirmed the conviction. Citing *Jaramillo, supra,* 16 Cal.3d 752, 757, we acknowledged the common law rule. But we also reaffirmed the holding of earlier cases, discussed above, that the common law rule did *not* mean that "when the prosecution has charged only receiving, it must establish by affirmative proof that someone other than the defendant stole the property." (*Price, supra,* 1 Cal.4th at p. 464.) Rather, we reiterated the traditional elements of that offense[10] and declared that a defendant may be convicted of receiving upon proof of those elements, "even though *the evidence strongly suggests that it was the defendant who stole the property.*" (*Ibid.,* italics added.) The emphasized statement, it must be admitted, cast considerable doubt on the "broad"

---

[8]Because the purloined goods in question were manhole covers, the court doubtless assumed the defendant stole them for the purpose of selling them.

[9]The defendant was not charged with stealing the guns.

[10]I.e., the property was stolen, the defendant was in actual or constructive possession of it, and the defendant knew it was stolen. (*Price, supra,* 1 Cal.4th at p. 464.)

application of the common law rule. As we shall see, the Legislature soon resolved that doubt against the rule.

### B. *The 1992 Amendment to Section 496*

■ The Legislature amended section 496 in 1992 by adding the following two sentences: "A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." (Stats. 1992, ch. 1146, § 1, p. 5374.)[11] Read together and in the light of the foregoing overview of the common law rule, the quoted two sentences bear a plain meaning. To more easily grasp that meaning, we take the sentences in reverse order.

As noted in *People* v. *Carr* (1998) 66 Cal.App.4th 109, 112, footnote 2 [77 Cal.Rptr.2d 639], the second sentence of the 1992 amendment codifies the "narrow" application of the common law rule invoked in *Jaramillo, supra,* 16 Cal.3d 752, 757. The second sentence declares that "no person may be convicted both pursuant to this section and of the theft of the same property." (§ 496.) The sentence thus prohibits, as the "narrow" common law rule also prohibited, dual *convictions* of any person of both an offense "pursuant to this section [§ 496]"—viz., buying, receiving, concealing, withholding, or selling stolen property—and the offense of stealing the same property.

The first sentence of the 1992 amendment addresses the "broad" application of the common law rule; but rather than codifying that application, the sentence effectively abrogates it. As noted, the first sentence declares that "A principal in the actual theft of the property may be convicted pursuant to this section." (§ 496.) The sentence thus authorizes a conviction for receiving stolen property *even though the defendant also stole the property*, provided he has not actually been convicted of the theft. After the 1992 amendment, "the fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property." (*People* v. *Strong* (1994) 30 Cal.App.4th 366, 373 [35 Cal.Rptr.2d 494].) Indeed, evidence that the defendant is the thief cannot be exculpatory regardless of its strength: before the amendment, as noted above, we said he may be convicted of receiving although the evidence "strongly suggests" he is the thief (*Price, supra,* 1 Cal.4th 324, 464); after the amendment, the evidence of that fact may even rise to the level of proof beyond a reasonable doubt.

---

[11]All further references to "the 1992 amendment" are to the quoted two sentences. The legislation also made minor technical changes in the statute.

In addition, the first sentence of the 1992 amendment does not perpetuate the distinctions that the cases (e.g., *Tabarez, supra,* 206 Cal.App.3d 551, 554-555) drew between the various acts by which a defendant may violate section 496, and instead provides simply that the thief may be convicted "pursuant to this section [§ 496]." Because the thief may now be convicted under section 496 whether he bought, received, concealed, withheld, or sold the property, there is no longer any need for—and hence the amendment also does not perpetuate—the limited case law exceptions authorizing such conviction only upon proof of a "complete divorcement" between the theft and later independent acts of receiving or concealment (*Tatum, supra,* 209 Cal.App.2d 179, 184). "This being the case, it follows that the *Tatum* requirement of a 'complete divorcement' between the theft and the possession of stolen property before the thief may be convicted of receiving stolen property has been abrogated by the 1992 amendment of section 496." (*People* v. *Hinks* (1997) 58 Cal.App.4th 1157, 1165 [68 Cal.Rptr.2d 440].)[12]

█ Defendant contends the first sentence of the 1992 amendment does not wholly abrograte the "broad" application of the common law rule, but merely limits it. He argues in effect that the sentence allows the actual thief to be convicted of receiving the stolen property *only if the statute of limitations has run on the charge of theft;* if the statute has not run, the common law rule assertedly continues to prohibit a conviction of receiving. In the case at bar, it is undisputed that the statute of limitations on the theft had not run by the time defendant was convicted of receiving stolen property.

 ██ The contention is without merit. Defendant's proposed limitation does not appear on the face of the statute. He contends the limitation should nevertheless be read into the first sentence of the 1992 amendment because of an uncodified section of the bill that enacted the amendment. █ The section recited, "It is the intent of the Legislature to provide for the prosecution of principals in the actual theft of the property who continue to possess that property after the statute of limitations has run on the theft of the property." (Stats. 1992, ch. 1146, § 2, p. 5375.)[13] The decisions are in conflict on the effect of the quoted provision.

___

[12]To the extent the common law rule focused on the actual thief, the first sentence of the 1992 amendment further departs from that rule by authorizing a conviction under section 496 of every "principal" in the theft. By statutory definition, "principals" include "All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission," or who deceive or coerce another into committing the crime. (Pen. Code, § 31.)

[13]The quoted provision was what is known as a "plus section" of the bill. A "plus section" is a provision of a bill that is not intended to be a substantive part of the code section or

Defendant relies on *In re Kali D.* (1995) 37 Cal.App.4th 381 [43 Cal.Rptr.2d 581] (*Kali D.*). The *Kali D.* court concluded that the uncodified statement of legislative intent "indicates a more limited repeal of the common law so that . . . the actual thief can be convicted of the greater offense of receiving stolen property only when the limitations period has expired with respect to the underlying theft." (*Id.* at p. 386.)

To reach this conclusion, the court relied first on the rule that courts should give statutory words their plain or literal meaning unless that meaning is inconsistent with the legislative intent apparent in the statute. (E.g., *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) In determining that intent, the court in *Kali D., supra,* 37 Cal.App.4th 381, apparently read the quoted statement's *positive* declaration of intent—i.e., allowing prosecutions for receiving stolen property to be brought against thieves "who continue to possess the property after the statute of limitations has run on the theft of the property"—as implying an additional and *negative* intent to disallow such prosecutions of thieves *before* the statute of limitations has run. (*Id.* at p. 386.) Although the court did not say so, its reasoning was in effect an application of the canon of construction *expressio unius est exclusio alterius.* (See, e.g., *Grupe Development Co.* v. *Superior Court* (1993) 4 Cal.4th 911, 921 [16 Cal.Rptr.2d 226, 844 P.2d 545].)

The court then invoked the rule that courts should construe related provisions of a statute together and harmonize them if possible. (E.g., *Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735.) The court harmonized the provisions before it by subordinating the plain meaning of the first sentence of the 1992 amendment to the negative inference that the court drew from the uncodified statement of legislative intent: thus the court held, "the Legislature intended the statute to be applied only to thieves who continue to possess the stolen property after the statute of limitations has expired on theft." (*Kali D., supra,* 37 Cal.App.4th at p. 386.)

Directly to the contrary is the reasoning of *People* v. *Reyes* (1997) 52 Cal.App.4th 975 [61 Cal.Rptr.2d 39] (*Reyes*). That court began, like *Kali D., supra,* 37 Cal.App.4th at page 386, with the rule that courts should give statutory words their plain or literal meaning unless that meaning is inconsistent with the legislative intent. But in determining that intent, the *Reyes*

general law that the bill enacts, but to express the Legislature's view on some aspect of the operation or effect of the bill. Common examples of "plus sections" include severability clauses, saving clauses, statements of the fiscal consequences of the legislation, provisions giving the legislation immediate effect or a delayed operative date or a limited duration, and provisions declaring an intent to overrule a specific judicial decision or an intent not to change existing law. (See Legis. Counsel, Legislative Drafting Manual (1975) §§ 64-71, pp. 20-26.)

court declined to apply the *expressio unius* canon and to draw the negative inference that *Kali D.* drew from the statement of legislative intent; instead, the *Reyes* court read that statement to imply no more than it said on its face. Thus the court reasoned: "Under the plain language of [the first sentence of the 1992 amendment], a thief may be convicted of receiving the property he stole, without regard to whether a theft charge is time barred. We are constrained to literally interpret the statute, unless doing so would violate the Legislature's intent—to avoid the situation where a thief could retain possession of stolen property with impunity, because the statute of limitations on the theft had expired. We conclude it would not, as there is no indication the Legislature intended to *limit* prosecution of a thief under section 496 to situations in which a theft charge was no longer an option." (52 Cal.App.4th at p. 987, italics in original.)

The *Reyes* court then reinforced its conclusion by invoking the rule that courts must avoid a construction that would render related provisions nugatory. (E.g., *Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735.) Applying that rule, the *Reyes* court reasoned that the *Kali D.* construction of the statement of legislative intent "would render meaningless the provision's second sentence, which states: 'However, no person may be convicted both pursuant to this section and of the theft of the same property.' A person could only be convicted of both crimes if (1) he or she was the actual thief of the property, and (2) the statute of limitations on a theft charge had *not* expired." (52 Cal.App.4th at p. 987, italics added.)

Under the reasoning of the *Reyes* court, accordingly, the 1992 amendment allows the actual thief to be convicted of receiving the stolen property *whether or not* the statute of limitations has run on the theft charge. Although the court discussed the point solely for the guidance of the superior court on retrial, its reasoning was adopted and its conclusion elevated to a holding in *People* v. *Hinks, supra,* 58 Cal.App.4th 1157, 1164-1165. In the case at bar the Court of Appeal likewise adopted the *Reyes* reasoning and conclusion.

We, too, agree with the reasoning and conclusion of *Reyes, supra,* 52 Cal.App.4th at page 987. We reiterate that the Legislature did not incorporate its statement of intent into the text of the statute itself, but relegated it to an uncodified "plus section" of the bill that enacted the legislation. (See fn. 13, *ante*.) This fact suggests the provision may have been meant simply as an aid to construction, i.e., to ensure that the broad language of the amended statute be construed to apply at least to the special case of the thief who

secretes the stolen property rather than sells it and is caught when the statute of limitations has run on theft but not on a violation of section 496.[14]

In any event, whatever the purpose of the statement in question, nothing in its text or its legislative history suggests an intent that the 1992 amendment be construed *not* to apply to the far more common case of the thief who is caught with the stolen goods *before* the statute of limitations on theft has run. Such cases are far more common because, rather than hide the stolen goods for three years, most thieves fence their loot as soon as possible,[15] especially the many who promptly spend the resulting cash to support an illegal drug habit. For example, that appears to have been both the motive and the modus operandi of defendant in the case at bar. We conclude the 1992 amendment was not intended to bar prosecution in such a case: as the court correctly reasoned in *Reyes, supra*, 52 Cal.App.4th at page 987, "there is no indication the Legislature intended to *limit* prosecution of a thief under section 496 to situations in which a theft charge was no longer an option." (Italics in original.) It follows that the primary rule of construction quoted at the outset applies, i.e., that we must give the statutory words their plain meaning because it is not inconsistent with the legislative intent apparent in the statute. As explained above, the plain meaning of the first sentence of the 1992 amendment is that the actual thief may be convicted of violating section 496 whether or not the statute of limitations on theft has run. We so hold.[16]

---

[14]The case is special because the primary statute of limitations on both theft and a violation of section 496 is in fact the same: three years. (Pen. Code, § 801.) (Under other code sections, the statute of limitations on both offenses may instead be one year if the value of the stolen property does not exceed $400.) And in many cases the event that triggers the running of the statute of limitations is also the same: just as the statute of limitations on theft begins to run when the defendant takes the property with the requisite intent, so also the statute of limitations on receiving, buying, or selling stolen property in violation of section 496 begins to run when the defendant receives, buys, or sells the property with the requisite intent (*Williams* v. *Superior Court* (1978) 81 Cal.App.3d 330, 343 [146 Cal.Rptr. 311] [receiving]). It is only when the defendant is charged with concealing or withholding the property in violation of section 496 that the start of the statutory period may be delayed, and then only if the defendant continues to commit specific acts of "intentionally secreting stolen property in violation of the affirmative duty to return it—or at least to disclose its whereabouts—to its rightful owner." (*Williams* v. *Superior Court, supra*, 81 Cal.App.3d at pp. 343-344.)

[15]In the argot of the criminal, stolen goods are said to be "hot."

[16]We disapprove *In re Kali D., supra*, 37 Cal.App.4th 381, to the extent it holds to the contrary.

We note the Model Penal Code resolves the issue we address in this opinion by defining receiving stolen property as a form of theft. (Model Pen. Code, § 223.6.) Many other states have adopted this approach. (See, e.g., *Rice* v. *State* (1987) 311 Md. 116 [532 A.2d 1357, 75 A.L.R.4th 73].)

## II

■ Defendant next contends the statutory and common law prohibition against dual convictions of receiving stolen property and theft also bars dual convictions of receiving stolen property and burglary, at least where, as here, the burglary in question was an entry with intent to commit theft. He points out that the burglary statute (Pen. Code, § 459) defines that crime as an entry into a house or other listed enclosure with intent either to commit "grand or petty larceny"—in short, theft—or to commit "any felony." He stresses that in the case at bar the information charged him only with burglaries by entry "with the intent to commit theft," and that the jury instructions on the intent element of burglary were likewise limited to the intent to commit theft. He further notes the Court of Appeal found the evidence supported the inference that "defendant had possession of the loot because *he had taken it himself from the burglarized homes.*" (Italics added.) He concludes that in these circumstances each of his burglary convictions was the functional equivalent of a conviction of "a theft offense," and hence barred his convictions of receiving the property stolen in that offense.

The contention has a superficial appeal, but does not withstand analysis. Defendant begins by invoking the second sentence of the 1992 amendment. As we have seen, however, that sentence provides only that "no person may be convicted both pursuant to this section [§ 496] and of the *theft* of the same property." (Italics added.) Apparently recognizing that the sentence speaks of "theft" rather than "burglary," defendant contends the word "theft" in the 1992 amendment should be expansively read to mean "the unlawful acquisition of property"—a general description that defendant argues would include burglary.

The contention is refuted by the legislative history. The 1992 amendment originated as Assembly Bill No. 3326 in the 1991-1992 Regular Session of the Legislature (hereafter Bill No. 3326). As first introduced on February 20, 1992, Bill No. 3326 addressed only the "broad" common law rule, and proposed to abrogate that rule by allowing a principal in "the unlawful acquisition of the property" to be convicted of receiving that property. We may assume arguendo that the quoted phrase would indeed have included a burglary. But the Legislature rejected the phrase: on March 31, 1992, the Assembly amended Bill No. 3326 by deleting the quoted phrase and substituting the more specific term, "the actual theft of the property," and by adding a second sentence prohibiting dual convictions of receiving stolen

property and of "the theft" of the same property.[17] There were no further amendments and the bill passed both houses unanimously, becoming the 1992 amendment we construe herein. Because the Legislature thus expressly removed the general description, "the unlawful acquisition of property," from its proposed amendment to section 496, we cannot read the phrase back into the resulting statute.

We have no reason to believe, therefore, that when the Legislature used the term "theft" in the 1992 amendment, it intended any meaning broader than the meaning the term has in the general theft statute (Pen. Code, § 484), i.e., theft committed by means of larceny, embezzlement, or false pretenses. (See, e.g., *People* v. *Davis* (1998) 19 Cal.4th 301, 304 [79 Cal.Rptr.2d 295, 965 P.2d 1165].) Conspicuous by its absence from that list is burglary.[18]

Lacking a statutory basis for the claimed bar against dual convictions of burglary and receiving stolen property, defendant seeks support in the case law. The effort fails for several reasons.

Although this court has not previously determined whether dual convictions of burglary and receiving stolen property are permissible, numerous Court of Appeal decisions have addressed the issue. That case law, however, has recently experienced a striking evolution.

The earlier decisions, which defendant relies on, held dual convictions of burglary and receiving stolen property impermissible. The first was *People* v. *Taylor* (1935) 4 Cal.App.2d 214, 218-219 [40 P.2d 870] (*Taylor*). But that court simply invoked the common law rule against dual convictions of *theft* and receiving stolen property, without explaining why the same rule should apply to a conviction of burglary. At least three Court of Appeal decisions followed *Taylor* without further analysis. (*People* v. *Morales* (1968) 263 Cal.App.2d 211, 214 [69 Cal.Rptr. 553]; *People* v. *Lohman* (1970) 6 Cal.App.3d 760, 767-768 [86 Cal.Rptr. 221]; *People* v. *Perez* (1974) 40 Cal.App.3d 795, 800 [115 Cal.Rptr. 405].)

---

[17]The Assembly also made identical changes in section 2 of the bill, which became the uncodified statement of intent discussed above (pt. I. B., *ante*), by deleting the phrase, "the unlawful acquisition of property," and substituting the phrase, "the actual theft of the property."

[18]The fact that each burglary in the case at bar was an entry with intent to commit theft does not change this analysis. An entry with such an intent is, by statutory definition (Pen. Code, § 459), a burglary, but it is not "a theft offense" as defendant claims. We need not decide whether the law of burglary is intended primarily to protect personal safety or property rights (see *People* v. *Montoya* (1994) 7 Cal.4th 1027, 1042-1043 [31 Cal.Rptr.2d 128, 874 P.2d 903]); it is enough to reaffirm the settled rule that the gist of the offense is *entry* with the proscribed intent, and that such an entry constitutes the completed crime of burglary "regardless of whether . . . any felony or theft actually is committed." (*Id.* at pp. 1041-1042.)

We then decided *Jaramillo, supra,* 16 Cal.3d 752. Although *Jaramillo* did not purport to change the common law on this point (see *id.* at p. 757) and had nothing to do with burglary, nevertheless at least six Court of Appeal decisions proceeded to rely on *Jaramillo* as the primary support for their holding that the common law barred dual convictions of *burglary* and receiving stolen property. (*People* v. *Lawrence* (1980) 111 Cal.App.3d 630, 638-639 [169 Cal.Rptr. 245]; *People* v. *Garcia* (1981) 121 Cal.App.3d 239, 247 [175 Cal.Rptr. 296]; *People* v. *Stewart, supra,* 185 Cal.App.3d 197, 203; *People* v. *Hines* (1989) 210 Cal.App.3d 945, 952 [259 Cal.Rptr. 128]; *People* v. *Vallejo* (1990) 221 Cal.App.3d 746, 748-751 [270 Cal.Rptr. 582]; *People* v. *DeRouen* (1995) 38 Cal.App.4th 86, 93 [44 Cal.Rptr.2d 842].)

Even while this chain of authority was being forged, however, weak links began to appear. In *People* v. *Stewart, supra,* 185 Cal.App.3d 197 (*Stewart*), the Third Appellate District Court of Appeal held that dual convictions of burglary and receiving stolen property were impermissible, finding "ample appellate authority" for that view (*id.* at p. 203, indiscriminately citing cases of burglary and receiving together with cases of theft and receiving). But the court then expressed serious doubts about its holding, stating that "Were we to write upon a clean slate we might consider a different approach." (*Id.* at p. 203, fn. 2.) The court stressed that theft is not an element of the crime of burglary, then reasoned (*ibid.*), "It would seem to follow that where a defendant has committed burglary, and has also committed acts which fulfill all of the elements necessary for a conviction [of receiving stolen property], it would be permissible to convict him of both violations but to stay the punishment for one offense." The court also correctly noted (*ibid.*) that "Although the *Jaramillo* opinion did not deal with the crime of burglary and only asserted that a person cannot be convicted 'of stealing and of receiving the same property,' the Courts of Appeal have extended its rationale" to bar dual convictions of burglary and receiving. The court reluctantly felt bound by stare decisis to follow the Court of Appeal cases cited above. (*Ibid.*)

Next, in *People* v. *Hines, supra,* 210 Cal.App.3d 945, the First Appellate District joined the Third District in expressing serious doubts about the same holding. The court asserted that the *Jaramillo* rule against dual convictions of theft and receiving "does not present an impediment" to dual convictions of burglary and receiving because "theft is not an element of burglary" (*id.* at p. 952, fn. 3). Again, however, the court felt bound by stare decisis to follow the foregoing Court of Appeal cases. (*Ibid.*)

The chain was weakened still further by the decision on a related issue in *People* v. *Bernal* (1994) 22 Cal.App.4th 1455, 1457 [27 Cal.Rptr.2d 839] (*Bernal*). There the issue was whether dual convictions of burglary and

theft—rather than burglary and receiving—were permissible. Although no court had expressly discussed the question, *Bernal* observed that other decisions (e.g., *People* v. *McFarland* (1962) 58 Cal.2d 748, 760-763 [26 Cal.Rptr. 473, 376 P.2d 449]) had upheld such dual convictions provided they did not result in multiple punishment in violation of Penal Code section 654.[19] The *Bernal* court then reasoned: "Logically, this appears to be the correct approach since a burglary can be committed without committing a theft. Theft is not a lesser included offense of burglary. We could follow the line of authorities referred to in *Stewart, supra,* 185 Cal.App.3d [at page 203,] holding a defendant may not be convicted of both burglary and receiving stolen property obtained during the burglary. However, we feel the more sound analysis is to permit conviction of both crimes and apply Penal Code section 654 to avoid multiple punishment." (22 Cal.App.4th at p. 1458.)[20]

The *Bernal* decision appears to have broken the self-imposed shackles that the earlier Court of Appeal cases found in *Jaramillo.* Thus in *People* v. *Landis* (1996) 51 Cal.App.4th 1247, 1255 [59 Cal.Rptr.2d 641], the court cited *Bernal* and reasoned: "In our view, it is plainly inconsistent to permit dual convictions for burglary and theft [i.e., as *Bernal* held] but bar dual convictions for burglary and receiving stolen goods. The *Jaramillo* reasoning appears to be inapplicable to dual convictions for burglary and receiving stolen goods because burglary, unlike [taking a vehicle with intent to steal it], does not require [actual theft of any property]. [Citations.] Accordingly, we find the reasoning in *Bernal* and in the *Stewart* footnote persuasive, and we decline to follow [the above cited cases prohibiting dual convictions of burglary and receiving]." The *Landis* court accordingly held dual convictions of burglary and receiving permissible.

Finally, the matter recently came full circle in *People* v. *Carr, supra,* 66 Cal.App.4th 109. There the defendant was convicted of burglary and receiving property he stole in the burglary, but the trial court stayed sentence on the receiving count. The defendant appealed to the Third District, the same court that had held such dual convictions impermissible in *People* v. *Stewart, supra,* 185 Cal.App.3d 197, 203, and *People* v. *DeRouen, supra,* 38 Cal.App.4th 86, 93. But rather than following its own precedents, the *Carr*

---

[19]Penal Code section 654, subdivision (a), in relevant part, prohibits multiple punishment in the following terms: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

[20]A distinguished commentary reviews the foregoing line of cases and calls *Bernal, supra,* 22 Cal.App.4th 1455, "the better view." (2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1999 supp.) § 630, p. 19.)

court declared that the contrary decisions in *Bernal* and *Landis* freed it from the compulsion of stare decisis. (66 Cal.App.4th at p. 113.) The *Carr* court then reviewed the latter two decisions and squarely held: "We conclude that *Bernal* and *Landis* are correctly decided and that the analysis set out in our footnote in *Stewart* [(*supra*, 185 Cal.App.3d at p. 203, fn. 2)] should govern the issue. The rule in *Jaramillo* says a defendant may not be '*convicted*' of stealing and receiving the same property. (*People v. Jaramillo, supra*, 16 Cal.3d at p. 757.) A defendant who is convicted of burglary is not convicted of stealing any property at all. *Jaramillo*'s prohibition on dual conviction is thus inapplicable. We therefore hold that a defendant may lawfully be convicted of burglary and of receiving property that he stole during the burglary. We disavow our holdings in *Stewart* and *DeRouen* insofar as they reach a contrary conclusion." (66 Cal.App.4th at p. 114, fn. omitted.)

Again our task is to resolve this conflict of decisions. We find more persuasive the reasoning quoted above from *People v. Landis, supra*, 51 Cal.App.4th at page 1255, and *People v. Carr, supra*, 66 Cal.App.4th at page 114. For those reasons we hold, as they do, that a defendant may be convicted both of burglary and of violating section 496 with respect to property he stole in the burglary.[21]

We so hold, moreover, for an additional reason not discussed in the Court of Appeal cases, but which we find no less compelling: such dual convictions are authorized by Penal Code section 954 (hereafter section 954). Section 954 is an important statute of general application which provides, insofar as relevant here, that (1) a defendant may be charged in a single pleading with "two or more different offenses connected together in their commission"; (2) the prosecution need not elect between those offenses; and (3) "the defendant may be convicted of any number of the offenses charged . . . ."

When, as here, a defendant is charged with burglary and with a violation of section 496 with respect to property he stole in the burglary, he has plainly been charged with "two or more offenses connected together in their commission" within the meaning of section 954. By its terms, therefore, section 954 likewise authorizes the defendant to "be convicted of [both] of the offenses charged . . . ."[22]

In the case at bar defendant was convicted, inter alia, of three counts of burglary and two counts of violating section 496 with respect to property he

---

[21]We disapprove *People v. Taylor, supra*, 4 Cal.App.2d 214, and its progeny discussed above, to the extent they hold to the contrary.

[22]It is true that "despite the seemingly absolute language of section 954," courts have long recognized "an exception to the general rule permitting multiple convictions," to wit, when one offense is necessarily included in the other. (*People v. Ortega* (1998) 19 Cal.4th 686, 692

stole in those burglaries; the jury found him guilty on all counts; and the trial court convicted him on all counts, but stayed execution of sentence on both counts of violating section 496. This disposition was correct, satisfying both section 954 (allowing multiple convictions) and section 654 (barring multiple punishment).

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

.

.

.

---

[80 Cal.Rptr.2d 489, 968 P.2d 48].) We see no reason, however, to carve out an additional exception for burglary and receiving stolen property.