Filed 7/30/14  P. v. Ramirez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GABRIEL RAMIREZ,<br><br>    Defendant and Appellant. | G048878<br><br>(Super. Ct. No. 13NF0638)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Gabriel Ramirez was convicted by jury of residential burglary while a nonaccomplice was present and receiving stolen property. (Pen. Code §§ 459, 460, subd. (a).) In a bifurcated proceeding, he waived his right to trial and admitted having suffered a prior strike and a prior serious felony conviction and having served two prior prison terms. (Pen. Code, §§ 667, 667.5, subd. (b).) The trial court sentenced appellant to 10 years in prison, representing four years (the midterm) for the burglary, five years for the prior serious felony conviction and another year for one of the prison priors. The court struck or stayed the remaining counts and enhancements.

Although circumstantial, the evidence of appellant's guilt was very compelling. Within hours of the subject burglary, appellant tried to use a credit card that was stolen during the crime, and a month later, the police searched his room and found the bulk of the stolen property. When questioned about the credit card, appellant first said he didn't know anything about it, then he said he found it, then he said he bought it from a guy at the swap meet, then he said he acquired it in the parking lot of a Mexican restaurant. Testifying on his own behalf, appellant asserted a convoluted version of the last narrative at trial, but the jury didn't buy it and convicted him as charged.

He appealed, and we appointed counsel to represent him. Appellate counsel filed a petition for a writ of habeas corpus in this court. The petition alleged appellant's trial attorney was ineffective for failing or incompetently seeking to suppress 1) appellant's statements to the police as being violative of *Miranda v. Arizona* (1966) 497 U.S. 177 (*Miranda*); 2) the fruits of his room search, and 3) evidence he asserted his Fourth Amendment rights before that search occurred. That petition was summarily denied by this court on May 29, 2014. Since then, appellate counsel has filed for habeas relief on the same grounds in the California Supreme Court.

In the present appeal, appellate counsel did not argue against appellant, but advised this court he could find no issue to argue on appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel filed a brief which set forth the facts of the case

2

and the only points he could imagine might support an appellant issue: The three ineffective assistance of counsel issues listed above, plus the propriety of the trial court's *Miranda* ruling. Having reviewed the record, we do not believe any of those potential issues rises to the level of a colorable appellate claim.

Appellant was given 30 days to file written argument in his own behalf and has submitted several letter briefs. Appellant argues his trial attorney was ineffective for failing to properly investigate the case and pursue a winning strategy at trial. The bulk of the argument is based on matters that are outside the appellate record and is thus unsuitable for consideration on direct appeal. (*People v. Gray* (2005) 37 Cal.4th 168, 211; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Appellant also complains his trial attorney did not object or argue any "details" or motions on his behalf. But the record shows defense counsel succeeded on several pretrial motions and vigorously defended appellant against the charges. The fact appellant was ultimately convicted does not mean defense counsel was incompetent.

In addition to attacking his trial attorney's performance, appellant accuses the police of tampering with evidence and failing to return certain property they seized during the search of his room. Appellant even suggests one of the investigating officers was high on drugs. But there is nothing in the appellate record to support these allegations, and thus no basis for granting relief.

Appellant directs our attention to a *Marsden* motion he made on the eve of trial. (See *People v. Marsden* (1970) 2 Cal.3d 118.) However, review of that motion hearing reveals no cognizable issues for appeal. In fact, by the time the hearing was over, appellant told the court he was satisfied with his attorney and content on her representing him at trial.

Appellant expresses concern his speedy trial rights were violated and the trial court failed to consider a personally written letter he submitted to the court in connection with his sentencing hearing. As appellant was tried within a few short months

3

of his arrest, his right to a speedy trial was not infringed. And at the outset of the sentencing hearing, the trial court expressly stated it had received and considered appellant's letter.

Appellant further asks, "How is it lawful for a defendant to be found guilty of a burglary, and at the same time be found guilty of receiving stolen property, wouldn't it be one or the other"? That's a reasonable question. But because receiving stolen property is not a lesser included offense of burglary, a defendant may be properly convicted of both offenses. (*People v. Allen* (1999) 21 Cal.4th 846, 862-863.) While dual punishment for these crimes is not permissible, the trial court correctly stayed appellant's sentence for receiving stolen property pursuant to the terms of Penal Code section 654.

Appellant's overall sentence amounted to a 10-year prison term. Yet the court was actually quite lenient with appellant in that it struck his prior strike conviction and his second prison prior, resulting in five years being knocked off his sentence. There is no basis for disturbing his sentence.

Based on appellate counsel's decision to file a *Wende* brief, appellant requests that we grant him "an extension and/or a new court appointed appellate counsel if need be." But, as noted above, appellate counsel has raised a variety of claims on appellant's behalf in his petitions for habeas corpus, a fact that appellant fails to acknowledge in his letter briefs. Because appellate counsel is representing appellant in a competent and professional manner, appellant's request for an extension or a new attorney is denied.

DISPOSITION

The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.