Filed 9/29/14  P. v. Jones CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067267 |
| v. | (Super. Ct. No. F13900287) |
| ZACHARY JUSTIN JONES, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

\*       Before Poochigian, Acting P.J., Franson, J., and Peña, J.

Defendant Zachary Justin Jones was convicted by jury trial of first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a);[1] count 1) and receiving stolen property (§ 496, subd. (a); count 2). On appeal, the parties agree the trial court committed a sentencing error.

Defendant was seen trying to enter a house that had been broken into. He fled when a witness confronted him. When defendant was found shortly thereafter, he was wearing the victim's jacket and carrying some of the victim's son's jewelry, all of which had been inside the house before the burglary. The trial court sentenced defendant to eight years in prison on the burglary count and four years on the stolen property count, to be served concurrently, plus two years for enhancements.[2]

Defendant contends the trial court was required to stay the concurrent sentence on the stolen property count pursuant to section 654. The People concede and we agree. Section 654 prohibits multiple punishment for a single act or an indivisible course of conduct. (*People v. Deloza* (1998) 18 Cal.4th 585, 591.) When a defendant is convicted of two offenses that are part of an indivisible course of conduct, the sentence for one of the offenses must be stayed. (*Id.* at pp. 591-592.) Whether a course of conduct is indivisible depends on the intent and objective of the actor. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1216.)

Here, there is no dispute that defendant's offenses were part of an indivisible course of conduct for which only one punishment could properly be imposed. Although defendant was subject to multiple convictions for the offenses of burglary and possession of the stolen property he took from the house, section 654 prohibited multiple

---

[1]    All statutory references are to the Penal Code.

[2]    The abstract of judgment reflects a total sentence of 11 years four months because the trial court also imposed a consecutive sentence of 16 months on a separate case in which defendant pled guilty to a violation of section 69.

punishments for those offenses. (*People v. Allen* (1999) 21 Cal.4th 846, 865-867; *People v. Landis* (1996) 51 Cal.App.4th 1247, 1255.)

## DISPOSITION

The sentence on count 2 for receiving stolen property is stayed pursuant to Penal Code section 654. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.