Filed 11/10/14  P. v. Arevalo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

| | |
|---|---|
| THE PEOPLE, | C075052 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12-1323) |
| v. | |
| MONICA RENEE AREVALO, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Monica Renee Arevalo was convicted of first degree residential burglary (Pen. Code, § 459)[1] and receiving stolen property (§ 496, subd. (a)), and sentenced to an aggregate term of two years in state prison.  On appeal, defendant contends she cannot be convicted of both "stealing and receiving the same property."  Defendant also contends the trial court relied on "improper factors" in denying her probation.  We conclude defendant was properly convicted of both crimes and any error in denying defendant's probation was harmless.  We affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## PROCEDURAL BACKGROUND[2]

Defendant was charged with entering an inhabited dwelling house of another with the intent to commit theft and/or any felony therein (§ 459), and receiving stolen goods (§ 496, subd. (a)). After she was found competent to stand trial a jury found defendant guilty as charged.

At sentencing, defendant argued that although she was statutorily ineligible for probation, her case was unusual and the court should grant her probation. The trial court disagreed, finding the case was not unusual. In reaching its decision, the trial court found: "there is certainly nothing about the offense that would show that this is an unusual case. And there is really nothing, as I look at the factors in mitigation submitted by [defendant] or anywhere else, that would indicate that this is an unusual case."

The court then outlined the criteria it considered under California Rules of Court, rule 4.414[3] in reaching its decision. Those factors include that: the crime was carried out in a professional manner, defendant's record of criminal activity was increasing in seriousness, defendant's ability to comply with probation would be limited due to her history of substance abuse, emotional injury was inflicted on the victim, defendant was a danger to others, and defendant had not shown any remorse for her crimes.

The court also noted the rule 4.414 factors it considered that weighed in favor of granting defendant probation: defendant's prior performance on probation was satisfactory and defendant had expressed a willingness to comply with the terms of probation. On balance, the trial court concluded, defendant's case was not unusual. The trial court then sentenced defendant to an aggregate term of two years in state prison.

---

[2] The facts regarding defendant's crimes are not relevant to the issues on appeal. Accordingly, we omit them from our opinion.

[3] Undesignated rule references are to the California Rules of Court.

DISCUSSION

I

On appeal, defendant contends she cannot be convicted of "stealing and receiving the same property." Whether defendant can be convicted of stealing and receiving the same property is irrelevant because she was convicted of burglary (§ 459) and receiving stolen property (§ 496, subd. (a)) -- not theft. In 1999, the California Supreme Court ruled the law permitted a defendant to be convicted of burglary as well as receiving the property he or she stole during those burglaries. (*People v. Allen* (1999) 21 Cal.4th 846.) Defendant acknowledges the Supreme Court's ruling, but argues the ruling needs to be reconsidered. We disagree. We conclude there was no error.

II

Defendant also contends the trial court improperly relied on the factors set forth in rule 4.414 in finding hers was not an unusual case in order to overcome the statutory limitation on probation. We agree the trial court considered the wrong criteria in determining whether defendant's case was unusual. We also agree this was error. We conclude, however, the error was harmless.

Defendant was presumptively ineligible for probation, unless hers was an "unusual case," because she was convicted of a serious felony. (§ 1170, subd. (h)(3) [first degree burglary]; § 1192.7, subd. (c)(18).) Rule 4.413(c) lists factors that "may indicate the existence of an unusual case" to overcome the statutory presumption against probation. They include facts limiting defendant's culpability, such as whether the defendant is youthful or aged and has no significant record of prior criminal offenses. (Rule 4.413(c)(2)(C).) "Under rule 4.413, the existence of any of the listed facts does not necessarily establish an unusual case; rather, those facts merely 'may indicate the existence of an unusual case.' [Citation.]" (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178, italics omitted.) If a trial court determines the presumption against probation has been overcome, then the court evaluates whether to grant probation under rule 4.414,

3

which lists criteria affecting that decision. (*People v. Stuart*, at p. 178; *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 830.)

Here, in reaching its decision that defendant's case was not unusual, the trial court failed to consider the factors in rule 4.413(c). Instead, the trial court went directly to the more general criteria for determining whether to grant probation listed in rule 4.414. This was error; however, it was error that inured to defendant's benefit because the court considered criteria it should not have considered unless and until the court found defendant's case was unusual. The error was, therefore, harmless. Moreover, the trial court's consideration of the rule 4.414 criteria and resulting decision to deny probation, unequivocally reveal that even if the trial court found defendant's case "unusual," the court still would not have granted probation.

DISPOSITION

The judgment is affirmed.


                                       BLEASE             , Acting P. J.


We concur:


     MAURO             , J.


     HOCH              , J.