Filed 3/8/16  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078943 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F04720) |
| v. | |
| LERON BROWN, | |
| Defendant and Appellant. | |

The crux of this case turns on the definitions of burglary and larceny.  So, we begin with these.  *Burglary* is committed when a person "*enters any* house, room, [or] *apartment . . . with intent to commit* grand or petit *larceny* or any felony."  (Pen. Code, § 459, italics added.)  *Larceny* is committed when a person "*steal[s]* or take[s] . . . *the personal property of another*."  (Pen. Code, § 484, subd. (a), italics added.)  Here, a jury found defendant Leron Brown guilty of second degree burglary based on his entering an apartment unit that had been vacated by its tenants, who had left inside an office chair and television.  The office chair and television had not been removed by apartment

1

management yet because there was still time for the tenants to retrieve their property. On appeal, defendant raises contentions challenging the sufficiency of evidence and jury instructions. Disagreeing with these contentions, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was walking around an apartment complex in the early morning knocking on apartment doors until he found one (unit 60) where nobody answered. Inside unit 60 were an office chair and a television that were part of a pile that included a mattress and kids' toys. The tenants in unit 60 had moved out recently. The property manager had not yet hauled away these items because the tenants still had time to come back to the apartment and retrieve their property. The property manager was alerted to defendant's presence at the complex when the tenant from unit 59 (which was next door to 60) told the manager he had heard noises that sounded like somebody was walking inside unit 60 and moving stuff. The property manager saw defendant coming out of an elevator in the complex (with nothing in his hands), and he told defendant he needed to leave. Defendant asked if he could quickly grab his bike, and the property manager said, "yes." Defendant got his bike, went around the corner, and left. Five minutes later, though, the apartment manager saw defendant in the apartment complex pushing the office chair and television. Police found defendant a short time later at a nearby gas station, where he had just been hit by a car while riding his bike. In defendant's pant pockets were a flathead screwdriver, a pair of wire cutters, and a shaved key. Police found the office chair and television in one of the apartment parking stalls. A jury found defendant guilty of second degree burglary and possessing burglary tools.

I

*There Was Sufficient Evidence Of Burglary,*

*And No Instructions On Mistake Of Fact Or Claim Of Right Were Warranted*

Defendant contends there was insufficient evidence he committed burglary because there was no evidence the property was owned by someone else, as the tenants

2

abandoned the office chair and television. Related to this contention is another that defendant raises -- the court should have instructed on (or defense counsel was ineffective in not requesting instruction on) mistake of fact (namely, defendant's mistaken belief that the property was abandoned or discarded) and defendant's claim of right (namely, defendant believed in good faith he had a right to the property and he openly took it).

There are two reasons these contentions are nonstarters. One, as to the sufficiency of evidence, burglary requires only entry with the required intent; this entry constitutes the completed crime of burglary regardless of whether any felony or theft is actually committed. (*People v. Allen* (1999) 21 Cal.4th 846, 863, fn. 18.) Thus, the perpetrator of the burglary does not have to know exactly what is inside when he or she enters -- he or she only has to have the unlawful intent when entering. Here, defendant was knocking on apartment doors until he found a unit where nobody answered. Once he entered that unit with the intent to take whatever personal property of another was inside, he committed the crime of burglary. Moreover, there *was* evidence that this property had not yet been abandoned by the tenants of unit 60, because they still had time to retrieve the office chair and television before the property manager was going to haul them away.

Two, as to the instructional arguments, the only defense defendant offered at trial was the People could not prove that he even entered unit 60. There was no evidence and thus no argument to be made that defendant believed he had a right to the office chair or television or evidence that defendant believed the property inside belonged to nobody, i.e., was not "the personal property of another." (Pen. Code, § 484, subd. (a).)

II

*The Flight Instruction Was Warranted*

Defendant contends the court erred in instructing on the inference of guilt following his flight after the burglary (CALCRIM No. 372) because the property manager told him to leave. He argues "[t]here was no circumstantial evidence that

3

[defendant]'s departure was motivated by a consciousness of guilt, or the purpose of avoiding detection." The problem with defendant's contention is that it does not take into account all the facts of defendant's departure from the apartment complex. Namely, although the property manager initially did tell defendant to leave and it appeared that defendant did so, defendant returned to the complex shortly thereafter and was seen with the stolen property. Then, the office chair and the television were discovered in an apartment parking stall, supporting a reasonable inference that defendant feigned (initial) departure from the apartment complex, only to return to get the office chair and television, but abandoned the property and fled on his bike when seen again by the property manager. Thus, there was this additional evidence that defendant did in fact flee the apartment complex when he left the second time, after being seen pushing around the stolen property.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Nicholson, Acting P. J.

/s/
Renner, J.

4