[No. B185942. Second Dist., Div. One. June 27, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE ANTHONY MARQUEZ, Defendant and Appellant.

**COUNSEL**

William Flenniken, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Robert F. Katz and Richard S. Moskowitz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VOGEL, Acting P. J.**—The issue in this case is whether attempted grand theft auto is a lesser included offense of attempted carjacking. We conclude that it is not, and affirm the judgment before us on this appeal.

## FACTS

Monica Montecino, driving her parents' Ford pickup truck, was stopped at the bottom of a freeway off-ramp when she was hit from behind by a Suburban. Montecino pulled into a gas station, grabbed her keys, and got out of the truck. As she was inspecting the damage, Jesse Anthony Marquez walked up to the truck's open door, got into the driver's seat, and closed the door. Montecino banged on the window and yelled at Marquez. She realized she could not see his hands and that "this could get bad," but stayed there and yelled for help.

Henry Morales heard Montecino and saw Marquez inside the truck. Words were exchanged. Marquez got out of the truck, pulled out a knife, and lunged at Morales. Montecino saw the knife, jumped into the truck, shut the door, called 911 (but hung up after being placed on hold) and started honking the horn. When Morales started to defend himself, Marquez said he was "going to go call [his] friends." Morales told him to "go ahead" and promised to wait for him. Marquez ran off. Morales called the police, who arrested Marquez within blocks of the gas station.

Marquez was charged with attempted carjacking, with an allegation that he personally used a knife (count 1), and assault with a deadly weapon by means likely to produce great bodily harm (count 2), with allegations that he had suffered a prior serious felony conviction that also qualified as a strike. (Pen. Code, §§ 215, subd. (a), 664, 12022, subd. (b)(2), 245, subd. (a)(1), 667,

subds. (a), (b)–(i).)[1] At trial, the People presented evidence of the facts summarized above, and both Montecino and Morales identified Marquez. The jury convicted Marquez of attempted carjacking (but found the weapon allegation not true) and simple assault (§ 240), a lesser included offense of the crime charged in count 2, and the trial court found the prior conviction and strike allegations true. Marquez was sentenced to state prison for a term of 10 years.

## DISCUSSION

Marquez contends the trial court should not have refused his proffered instruction on attempted grand theft auto (§§ 664, 487), which he claims is a lesser included offense of attempted carjacking. We disagree.

■ An uncharged offense is a lesser included offense of the charged crime if "either the statutory elements of the greater offense [the elements test], or the facts actually alleged in the accusatory pleading [the accusatory pleading test], include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073]; see *People v. Reed* (2006) 38 Cal.4th 1224, 1227–1228 [45 Cal.Rptr.3d 353, 137 P.3d 184].)

■ *Attempt* consists of (1) a specific intent to commit a crime and (2) a direct but ineffectual act done toward its commission. (§ 21a; *People v. Marshall* (1997) 15 Cal.4th 1, 36 [61 Cal.Rptr.2d 84, 931 P.2d 262]; *People v. Carpenter* (1997) 15 Cal.4th 312, 387 [63 Cal.Rptr.2d 1, 935 P.2d 708].)

*Theft* is the felonious taking, carrying, or driving away of the personal property of another; the crime is *grand theft auto* when the property taken is an automobile and it is taken with the specific intent to *permanently* deprive the owner of her property. (§§ 484, 487; *People v. Davis* (1998) 19 Cal.4th 301, 305 [79 Cal.Rptr.2d 295, 965 P.2d 1165]; *People v. Jaso* (1970) 4 Cal.App.3d 767, 771 [84 Cal.Rptr. 567].) Accordingly, *attempted grand theft auto* is a direct but ineffectual act toward the taking or driving away of an automobile with the specific intent to *permanently* deprive the victim of possession of her car.

■ *Carjacking* is the felonious taking of a motor vehicle in the possession of another or from her person or immediate presence against her will and with the intent to either *permanently or temporarily* deprive the victim of possession of her car, accomplished by force or fear. (§ 215; cf. *People v. Allen*

---

[1] All section references are to the Penal Code.

(1999) 21 Cal.4th 846, 851 [89 Cal.Rptr.2d 279, 984 P.2d 486] [noting permanent or temporary both apply in vehicle taking statute].) Accordingly, *attempted carjacking* could be committed with the intent to *either temporarily or permanently* deprive the victim of possession of her car. (*People v. Vargas* (2002) 96 Cal.App.4th 456, 462 [116 Cal.Rptr.2d 867].)

Because an intent to *permanently* deprive is required for attempted grand theft auto but not for attempted carjacking, the crime of attempted carjacking can be committed without also committing attempted grand theft auto. Accordingly, attempted grand theft auto is *not* a lesser included offense under the elements test. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1035 [16 Cal.Rptr.3d 902, 94 P.3d 1098]; *People v. Ortega* (1998) 19 Cal.4th 686, 698 [80 Cal.Rptr.2d 489, 968 P.2d 48] [trial evidence is not considered in determining whether one offense is necessarily included within another], distinguished on another point in *People v. Reed, supra*, 38 Cal.4th at p. 1228.)

■ The result is the same under the alternative accusatory pleading test. Count 1 alleged that Marquez "unlawfully attempted to take a motor vehicle in the possession of Monica Montecino from . . . her person and immediate presence . . . , against the will and with the intent to *permanently and temporarily* deprive the person in possession of the motor vehicle of the possession and accomplished by means of force and fear." (Italics added.) Because the conjunctive phrase "permanently and temporarily" permitted proof of an intent *either* to permanently *or* temporarily deprive the victim of possession, attempted carjacking, as alleged, could be committed without also committing the crime of attempted grand theft auto. (*In re Bushman* (1970) 1 Cal.3d 767, 774–775 [83 Cal.Rptr. 375, 463 P.2d 727] [where, as here, a statute lists several acts in the disjunctive, i.e., permanently or temporarily, but the information is phrased in the conjunctive, the jury may convict the defendant upon proof of one or the other], disapproved on another point in *People v. Lent* (1975) 15 Cal.3d 481, 486, fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545]; 4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, §§ 176–181, pp. 382–389.) Accordingly, attempted grand theft auto is not a lesser included offense under the accusatory pleading test.[2]

■ It follows that the court properly denied Marquez's request to instruct the jury on the crime of attempted grand theft auto.

---

[2] For the reasons stated in *Hopkins v. Reeves* (1998) 524 U.S. 88 [141 L.Ed.2d 76, 118 S.Ct. 1895], and *People v. Birks, supra*, 19 Cal.4th at pages 116–136, we reject Marquez's suggestion that the instruction was required because carjacking and grand theft auto are "related" crimes.

## DISPOSITION

The judgment is affirmed.

Rothschild, J., and Jackson, J.,[*] concurred.

Appellant's petition for review by the Supreme Court was denied October 17, 2007, S155121. George, C. J., did not participate therein.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.