Filed 9/15/14  P. v. Keith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065366 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD246384) |
| WILLIAM KEITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frederick Maguire, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant William Keith guilty of first degree residential burglary (Pen. Code,[1] §§ 459 & 460; count 1); made a true finding that a

_____

1    All further statutory references are to the Penal Code.

person other than an accomplice was present in the residence during its commission (§ 667.5, subd. (c)(21)); and found him guilty of petty theft with three priors (§§ 484, subd. (a) & 666, subds. (a) & (b)(1); count 2). In a bifurcated court trial, the court found all of defendant's prior convictions to be true. After striking one of defendant's strike priors (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), the court sentenced defendant to prison for 10 years four months.

Defendant timely appealed from the judgment of conviction. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a brief on behalf of defendant setting forth the facts of the case and requesting this court review the entire record. In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist us in conducting our *Wende* review: (1) whether the record contains sufficient evidence to support the finding defendant in count 1 unlawfully entered a residence with the intent to commit a theft or any other felony within the meaning of section 459; and (2) whether the record contains sufficient evidence to support the finding defendant in count 2 took the property of another with the intent to steal and carry it away within the meaning of section 484, subdivision (a).

On our own motion, we gave defendant 30 days to file a brief on his behalf with this court. Defendant did not respond.

BACKGROUND

A. *Count 1*

Around 6:30 a.m. in mid-February 2013, University of California, San Diego (UCSD) student Cindy Vu was in the bathroom in her dormitory when she heard the

2

sound of the front door being opened. When Vu came out of the bathroom, she saw a man, who she later identified in court as defendant, walking toward the front door; he was approximately two feet away from her at the time. The man, a tall African American male with long, grey dreadlocks, was wearing a distinctive jacket and carrying a smart phone. Vu identified the phone as belonging to her roommate, Elizabeth Johnson, based on its unique blue case. The charging cord was still attached to the phone. Startled, Vu "froze." The man in response said, "'Good morning'" and walked out the front door of the dormitory.

Vu awakened Johnson, who was sleeping on the couch in the common area inside the dormitory. Johnson had been studying in the common area the night before when she fell asleep. Before falling asleep, Johnson recalled plugging her phone into the wall socket to charge. Vu told Johnson someone had just stolen her phone. They called campus police.

Officer Larry Darwent responded to the call. After taking their statements, another roommate suggested they use an "app" designed for Johnson's phone that allows a phone to be "tracked" over the internet. Using this feature, they tracked Johnson's phone to a surface street in San Diego. Darwent then drove Johnson and Vu to that location. As they were waiting, the app showed Johnson's phone "was moving" toward a nearby homeless shelter.

Officer Darwent drove to the homeless shelter and spoke to a security guard. As soon as Officer Darwent went inside the shelter, he saw a man, whom he later identified as defendant, matching the description of the suspect given by Vu. The man had car keys in hand and appeared to be walking out the back door of the shelter.

3

Officer Darwent detained the man and searched the man's jacket. In the man's right pocket, Officer Darwent found a phone cover matching the color and unique design of Johnson's cover, as depicted in a photograph that one of Johnson's roommates had given Officer Darwent for identification. Officer Darwent saw a phone charger "hanging out" of the man's left pocket. Officer Darwent arrested the man. Officer Darwent subsequently searched the man's car and recovered Johnson's phone.

B. *Count 2*

In early August 2012, about 2:00 p.m., Karen Foster and her boyfriend, Malik Ismail, were loading items into Foster's car that was parked in a loading zone below a resident hall at UCSD. Ismail was then a resident dean at UCSD. They left the car unattended for less than two minutes to return some loading equipment they had borrowed. As she walked back, Foster saw a man by the passenger side of the vehicle. The man started running. Foster saw the man was holding her purse in his left hand. The man was over six feet tall, was African American and had long, blackish-grey dreadlocks.

Foster confirmed her purse was missing from her car. Ismail then returned to the car, and she told him her purse had just been stolen. Inside her purse was a wallet containing $80, among other items. Ismail took off after the suspect. A short time later, Ismail returned with Foster's purse and its contents. Ismail called campus police.

In an attempt to locate the suspect, Ismail initially ran to some open fields. As he came around a corner, Ismail saw an individual running with what looked like a purse underneath his arm. Ismail confronted the man he later identified as defendant in a courtyard. Ismail saw the man had Foster's purse. Foster's wallet was open, and the man was counting the money. Ismail repeatedly told the man to drop the wallet and back

4

away. The man dropped the wallet but held on to the money. The man started backing up and raised his hands in the air. He next set the money down and ran away.

Ismail gave the police a description of the suspect. An officer showed Ismail a picture of an individual, and Ismail identified the individual as the man (i.e., defendant) who had taken Foster's purse.

## DISCUSSION

Burglary is committed when a "person . . . enters any house, room, apartment . . . or other building . . . with intent to commit grand or petit larceny or any felony." (§ 459.) The "gist of the offense is *entry* with the proscribed intent . . . ." (*People v. Allen* (1999) 21 Cal.4th 846, 863, fn. 18.) "[I]n reviewing the sufficiency of evidence to support a burglary finding, the requisite intent is rarely demonstrated by direct proof, and as a result, may be inferred from facts and circumstances. [Citation.] As a result, evidence such as theft of property from a dwelling may create a reasonable inference that there was intent to commit theft at the time of entry." (*In re Leanna W.* (2004) 120 Cal.App.4th 735, 741.)

Based on our independent review of the entire record, we conclude there is more than sufficient evidence to support a finding by a reasonable trier of fact that defendant had the requisite felonious intent under section 459 before he entered the dormitory, and subsequently the common area where Johnson was sleeping, and stole the smart phone and charger. Accordingly, we find no reasonably arguable appellate contention with respect to the issue raised by appointed counsel in count 1.

We reach the same conclusion with respect to count 2. "Every person who shall feloniously steal [or] take . . . the personal property of another . . . is guilty of theft."

5

(§ 484, subd. (a).)  "Theft [in cases not otherwise specified by statute] is petty theft."  (§ 488.)  The intent required is the specific intent to permanently deprive the owner of possession of the property.  (*People v. Avery* (2002) 27 Cal.4th 49, 54.)  Because "'"[i]intent is inherently difficult to prove by direct evidence,"'" the "'"act itself together with its surrounding circumstances must generally form the basis from which the intent of the actor may legitimately be inferred."  [Citation.]'  [Citation.]"  (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1469.)

After independently reviewing the entire record, we conclude there is more than sufficient evidence to support a finding by a reasonable trier of fact that defendant had the requisite felonious intent to permanently deprive Foster of her purse and its contents, including her money, when he took the purse from her car and ran away with it, only to be found by Ismail.  Accordingly, we find no reasonably arguable appellate contention with respect to the issue raised by appointed counsel in count 2.

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issue.

## DISPOSITION

Defendant's judgment of conviction is affirmed.


BENKE, Acting P. J.

WE CONCUR:

NARES, J.

IRION, J.


6