Filed 6/20/16  P. v. Brafford CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN BRAFFORD,<br><br>    Defendant and Appellant. | B264894<br><br>(Los Angeles County<br>Super. Ct. No. NA094044) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Mary Sanchez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Justin Brafford appeals from the order denying his petition for resentencing under Proposition 47. (Pen. Code, § 1170.18.)[1] We affirm because appellant has not met his burden of showing that he is eligible for resentencing under the voter initiative.

### FACTUAL AND PROCEDURAL SUMMARY

The preliminary hearing record establishes that, in November 2012, appellant went into a Long Beach BMW dealership, pretending to pick up a motorcycle for a friend. He handed the manager a key for a BMW F800 motorcycle. Attached to the key was "a new vehicle stock tag, . . . identifying the year, make, model, and VIN number." The key had been missing from the dealership for some time. Unbeknownst to appellant, the motorcycle already had been sold. The manager grew suspicious, invited appellant to sit down at the desk, and asked him the name of the person for whom he was picking up the motorcycle. Appellant gave a name, but became increasingly nervous. Eventually, he grabbed a key for a demonstration motorcycle from the desk and left. The key was recovered after he was apprehended.

Appellant was charged with felony second degree commercial burglary. (§ 459.) Two prior convictions were alleged under section 667.5, subdivision (b), one of which qualified as a prior strike conviction under the Three Strikes law. (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d).) Based on a negotiated settlement, appellant pled no contest to the second degree commercial burglary charge, the prior strike was stricken, and the court imposed a three-year prison term.

In 2015, appellant filed a form petition for resentencing under Proposition 47, on which he checked a box, stating that the amount in question was not more than $950. The court summarily denied the petition because the amount exceeded $950. Appellant filed a timely notice of appeal and a request for a certificate of probable cause, in which he claimed that the property he stole was a "KEY."

---

[1] Statutory references are to the Penal Code.

2

## DISCUSSION

A person is guilty of burglary if he or she enters any building (or other listed structure) with the intent to commit larceny or any felony. (§ 459; *People v. Davis* (1998) 18 Cal.4th 712, 715.) Burglary of an uninhabited building is of the second degree and a felony-misdemeanor (wobbler). (§§ 460, 461.) Proposition 47 added new section 459.5 defining the crime of "shoplifting," which reduces some second degree burglaries to misdemeanors. It provides, in relevant part: "'(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property.'" (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 890–891.) Proposition 47 also added section 1170.18, which allows persons previously convicted of felonies that would be misdemeanors under the voter initiative to petition for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878–879 (*Sherow* ).)

Respondent argues that appellant's entry into the dealership to commit theft by trick cannot be construed as shoplifting because "shoplifting requires *free access* to goods offered for sale," and appellant did not have free access to the demonstrator motorcycle, which presumably was not for sale. We do not agree.

In interpreting a voter initiative, "we apply the same principles that govern statutory construction. [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We give words their ordinary meanings "unless special definitions are provided." (*People v. Love* (2008) 166 Cal.App.4th 1292, 1297.) We construe the language in the context of the overall statutory scheme. (*Rizo*, at p. 685.) Section 459.5, subdivision (a) defines "shoplifting" as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours." Nothing in that

3

definition requires free access to merchandise for sale. The word "larceny" is subject to a broad interpretation since section 490a provides that "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall . . . be read and interpreted as if the word 'theft' were substituted therefor." (See also *People v. Sanders* (1998) 67 Cal.App.4th 1403, 1416 ["larceny, larceny by trick, obtaining money by false pretenses, embezzlement, and related theft offenses" were consolidated in § 484 "as the single crime of 'theft'"].) The voters are presumed to have been aware of existing law. (See *John L. v. Superior Court* (2004) 33 Cal.4th 158, 171.)[2]

Both parties conflate the facts supporting appellant's plea to the charged crime of commercial burglary with facts that may support a separate unchanged crime of larceny. Burglary requires a felonious intent at the time of entry, but not the completion of the intended felony. (*People v. Allen* (1999) 21 Cal.4th 846, 863, fn. 18.) "As a practical matter, if the defendant commits, or gives some indication of intending to commit, theft or a felony in a building shortly after entering it, no great inferential leap is necessary to conclude that the intent to commit the supporting offense existed at the time of entry." (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1246.) Here, immediately upon entry, appellant attempted to obtain possession of a BMW F800 motorcycle, by presenting the key to the vehicle and claiming that he needed to pick up the motorcycle for a friend. From these facts, it may be inferred that he entered the dealership with the intent to commit a crime of deception, most probably theft, or larceny, by trick. (See *People v. Traster* (2003) 111 Cal.App.4th 1377, 1387 [in larceny by trick, only possession of property is acquired, whereas obtaining property by false pretenses requires fraudulent acquisition of both possession and ownership].)

That appellant's attempted larceny by trick was unsuccessful, or factually impossible because the BMW F800 motorcycle had been sold, is irrelevant. Factual

---

[2] The issue of whether the definition of shoplifting in section 459.5 requires an intent to commit larceny or theft of any kind is currently pending before the California Supreme Court. (See *People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.)

impossibility, or the defense of mistake of fact, negates criminal intent only when "the defendant holds a mistaken belief in a fact or set of circumstances which, if existent or true, would render the defendant's otherwise criminal conduct lawful." (See *People v. Lawson* (2013) 215 Cal.App.4th 108, 111.) Nothing in the record in this case suggests that defendant had a mistaken belief in his right to possess the BMW F800 motorcycle. Nor is his subsequent theft of the key to a demonstration motorcycle relevant to the intent with which he entered the dealership.

Appellant contends the record of conviction shows the amount at issue is less than $950. A number of courts have concluded that a defendant bears the initial burden of showing eligibility for resentencing under Proposition 47, including the value of the property at issue. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449–450; *Sherow*, *supra*, 239 Cal.App.4th at pp. 878–880.) That is because ""[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."" (*Id.* at p. 879; see Evid.Code, § 500.)

The court in *Sherow* suggested that a proper petition for resentencing "could certainly contain at least [the defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341.)" (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) That does not mean that a defendant can meet his or her initial burden by checking off a box on the petition regarding the value of the property at issue, especially where, as here, the defendant either is mistaken about, or misrepresents, the property whose value is at issue.

Contrary to appellant's contention, we are not required to presume that his conviction was for the least punishable offense. His reliance on *People v. Guerrero* (1988) 44 Cal.3d 343 is misplaced because the issue in that case was whether a prior conviction could be used for enhancement purposes. (*Id.* at p. 354.) In that situation, the prosecution has the burden of proof. (See *People v. Towers* (2007) 150 Cal.App.4th 1273, 1277 ["The prosecution bears the burden of proving beyond a reasonable doubt that

5

a defendant's prior convictions were for either serious or violent felonies"].)  In contrast, here, appellant is seeking more favorable treatment, which is why he has the burden of showing eligibility.  If the record of conviction is silent as to the amount at issue, appellant fails to show eligibility for resentencing.

Appellant acknowledges that the record of conviction includes the transcript of the preliminary hearing, but claims that there was no testimony regarding the "age, condition, or value of any property involved."  While the manager did not testify to the precise value of the BMW F800 motorcycle, he did say that the key appellant presented at the dealership had a "new vehicle stock tag."  It is reasonable to infer that appellant entered the dealership with the intent to obtain a new BMW motorcycle by trick, and that the value of a new brand-name motorcycle in 2012 exceeded $950.  (See *People v. Zamudio* (2008) 43 Cal.4th 327, 357–358 [circumstantial evidence and reasonable inferences may be substantial evidence supporting conviction]; see also
*People v. Giordano* (2007) 42 Cal.4th 644, 666 [trial court order presumed correct on appeal; ""'[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown'"'"].)

We find no error.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.                                    COLLINS, J.

6