**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTON ACEVEDO, | No. 16-56713 |
| Petitioner-Appellant, | D.C. No. 8:09-cv-00465-DOC-PJW |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before: W. FLETCHER and PAEZ, Circuit Judges, and GLEASON,** District
Judge.

Petitioner Anton Acevedo ("Acevedo") appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition challenging his conviction for three counts of

burglary, one count of receipt of stolen property, and one count of taking a vehicle.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

We have jurisdiction over the certified issue under 28 U.S.C. §§ 1291 and 2253, and we reverse. We deny the request to expand the certificate of appealability to include the uncertified issue.

1.    In 2004, Acevedo was tried in state court for seven counts of burglary, one count of receipt of stolen property, and one count of unlawfully taking a vehicle. During trial, Christina Semola offered critical testimony for the prosecution in exchange for immunity.

A jury convicted Acevedo on all nine counts, and the trial court sentenced him to 240 years to life. The California Court of Appeal overturned four of the seven burglary convictions and left it to the trial court to decide whether the receipt of stolen property count should be stayed under California Penal Code § 654 as duplicative. In resentencing, the court imposed a sentence for receipt of stolen property, although the State and California Court of Appeal had acknowledged on direct appeal that this sentence was likely improper. The record indicates that Acevedo did not appear for resentencing. Acevedo's trial counsel did not inform him of his resentencing until well after the 60-day deadline to appeal from the resentencing decision had passed.

Because the appeal deadline had passed, Acevedo filed four pro se habeas petitions in state court in 2007 and 2008. In his petition to the California Supreme Court, he argued, inter alia, that his counsel rendered ineffective assistance of

2

counsel by failing to inform him of his right to appeal and failing to adequately investigate Semola.[1] In 2009, the California Supreme Court denied habeas relief without any reasoning.[2]

Acevedo then filed a federal habeas petition alleging the above two claims, among others. The district court denied habeas relief on the ineffective assistance of counsel claim, concluding that even if Acevedo's trial counsel rendered deficient performance by failing to inform him of his right to appeal from the sentencing decision, Acevedo did not suffer any prejudice. The district court measured prejudice as the likelihood that Acevedo's appeal would have been successful. In a prior appeal, we reversed, holding that the appropriate measure of prejudice is whether an appeal would have been filed, not whether it would have ultimately been successful. *Acevedo v. Yates*, 584 F. App'x 355, 356 (9th Cir. 2014) (unpublished). On remand, the district court found that although Acevedo

---

[1] In the July 2008 trial court habeas proceedings, the court corrected a clerical error in Acevedo's sentence, modifying it to 115 years to life.

[2] Acevedo argues we should conduct de novo review because "looking through" to the last related state court decision that addressed his claim, the trial court had failed to recognize the constitutional issue. Before denying the habeas petition, however, the California Supreme Court ordered and received supplemental briefing on the ineffective assistance of counsel and sentencing claims. We therefore must "presume that the federal claim was adjudicated on the merits," *Johnson v. Williams*, 568 U.S. 289, 301 (2013), and engage in an independent review of the record to determine whether the California Supreme Court's decision to deny the petition was objectively unreasonable. *See Murray v. Schriro*, 882 F.3d 778, 802 (9th Cir. 2018), *petition for cert. denied*, ___ S. Ct. ___, 2018 WL 3497092 (U.S. Oct. 29, 2018).

likely would have appealed, fair-minded jurists could still disagree as to whether his counsel had a duty to inform him of his right to appeal. Accordingly, the district court denied habeas relief.

On appeal, Acevedo raises one certified issue—his claim of ineffective assistance regarding his right to appeal his resentencing—and one uncertified issue, his claim of ineffective assistance related to trial counsel's investigation, cross-examination, and impeachment of Semola.

**2.** Acevedo argues that his trial counsel was ineffective for failing to consult with him and file a timely notice of appeal. We hold that the California Supreme Court's denial of habeas relief on this ground was unreasonable under clearly established Supreme Court law. 28 U.S.C. § 2254(d).

In *Roe v. Flores-Ortega*, the Supreme Court explained how the *Strickland* test applies when counsel failed to file a notice of appeal and the defendant, like Acevedo, had not clearly conveyed his wishes about an appeal. 528 U.S. 470, 476–86 (2000). As to the first prong—whether defense counsel's performance was deficient—the Court held that counsel *must* consult with the defendant when there is reason to think either (1) "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. To show prejudice, the defendant must demonstrate that

4

"there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[3]  *Id*. at 484.

In dismissing Acevedo's habeas petition, the state court could have concluded there was no ineffectiveness because Acevedo's counsel had no duty to consult with him about an appeal.  That conclusion, however, is contrary to *Flores-Ortega*.  Given the "totality of the circumstances," Acevedo's counsel either knew or should have known that a rational defendant in Acevedo's shoes would have wanted to appeal because there were "nonfrivolous grounds for appeal."  *Id*. at 480.  Specifically, Acevedo could have argued that his sentence for burglary and receipt of stolen property violates California Penal Code § 654's prohibition against multiple punishments for the same conduct.  *See, e.g.*, *People v. Allen*, 984 P.2d 486, 500 (Cal. 1999).  Not only did the State acknowledge this error in its briefing on direct appeal, the state appellate court remanded for the trial court to address the sentencing issue.  Letters from Acevedo's trial and appellate counsel indicate they were or should have been aware of his resentencing.  Yet, the

---

[3] The State argues that this portion of the *Flores-Ortega* standard has been overturned by *Davis v. Ayala*, 135 S. Ct. 2187 (2015), and that Acevedo must show "actual prejudice" to prevail.  *Ayala*, however, concerned trial error, disclosure of the proffered race-neutral reasons for the striking of potential jurors outside the presence of the defense, which is not like the situation in *Flores-Ortega* or here, where the defendant has been deprived of an appeal altogether.  *Compare Ayala*, 135 S. Ct. at 2197 *with Flores-Ortega*, 528 U.S. at 483.  Thus, this argument is inapposite.

5

available state court record does not show that counsel appeared at the resentencing hearing, and Acevedo was not informed about the resentencing until well after the appeal period had passed.

The state court record also demonstrates that Acevedo has a nonfrivolous Section 654 sentencing issue. The trial court specifically instructed the jury that to find receipt of stolen property, they had to agree only as to one piece of property, and that piece of property could belong to any of the alleged victims of the burglary charges. The jury's verdict also did not identify any property and simply referenced Count 2 of the third amended information, which included all of the stolen property. Even the district court acknowledged that Acevedo's resentencing presented nonfrivolous grounds for appeal. It was therefore unreasonable for the California Supreme Court to conclude that Acevedo could not have presented a viable claim for appeal and would not have wanted to do so.

Finally, as the district court found, there is no doubt that Acevedo has established prejudice resulting from his counsel's deficient performance because he would have appealed had he been properly consulted. The record indicates that Acevedo diligently pursued his right to appeal once he learned of his own resentencing, including seeking help from a nonprofit legal organization and his former appellate counsel, and promptly seeking state habeas relief. Acevedo's actions evince his consistent desire to pursue all claims available to him. Given

6

that manifest intent, there are no arguments or theories that could have supported the state court's conclusion that Acevedo suffered no prejudice under *Flores-Ortega*. 528 U.S. at 484.

Because reasonable jurists could not disagree that Acevedo has met both prongs of the *Strickland* test as to his ineffective assistance claim, we reverse the district court's denial of habeas relief on this ground and remand with instructions to grant a conditional writ of habeas corpus directing the State to allow Acevedo to pursue his direct appeal.

**3.** Acevedo also raises one uncertified issue on appeal, arguing that his counsel rendered ineffective assistance by failing to investigate Semola's motives for testifying against him or adequately cross-examine her. We construe this as a motion to expand the certificate of appealability. *See* Ninth Circuit Rule 22-1(e); *see also Delgadillo v. Woodford*, 527 F.3d 919, 930 (9th Cir. 2008). Even assuming that Acevedo's trial counsel rendered deficient performance, Acevedo cannot show that his defense was prejudiced as he has not demonstrated what relevant information would have been uncovered with further investigation into Semola's background and motives for testifying. *See Delgadillo*, 527 F.3d at 930. Acevedo has failed to make "a substantial showing of the denial of a constitutional right" on this claim. 28 U.S.C. § 2253(c)(2). Accordingly, we deny the motion to expand the certificate of appealability.

REVERSED, DENIED and REMANDED.