Filed 10/25/22 P. v. Luque CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID ROBERT LUQUE,<br><br>Defendant and Appellant. | F083762<br><br>(Super. Ct. Nos. CRF67253,<br>CRF67307)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County. Kevin M. Seibert, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Smith, J. and Snauffer, J.

Defendant David Robert Luque pled guilty to burglary and receiving stolen property as part of a plea deal. The trial court imposed concurrent sentences. On appeal, defendant argues his sentence for receiving stolen property should have been stayed pursuant to Penal Code section 654.[1] We agree and affirm in all other respects.

## PROCEDURAL BACKGROUND

The Tuolumne County District Attorney (district attorney) charged defendant with multiple crimes in two separate matters. This appeal involves sentencing in the second case (No. CRF67307).

On July 30, 2021, the district attorney filed a complaint (case No. CRF67253) charging defendant with bringing heroin into a jail (§ 4573). It was further alleged defendant had suffered one prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subd. (b)–(i), 1170.12, subd. (a)–(d)) and six felony convictions within the meaning of section 1203, subdivision (e)(4).

On August 6, 2021, the district attorney filed a separate complaint (case No. CRF67307) charging defendant with second degree burglary (§ 459; count 1) occurring on or about July 27, 2021, and receiving stolen property exceeding $950 in value (§ 496, subd. (a); count 2) occurring on or about July 29, 2021. Consistent with the first case, the complaint further alleged that defendant had suffered one prior strike conviction (§§ 667, subd. (b)–(i), 1170.12, subd. (a)–(d)) and six felony convictions (§ 1203, subd. (e)(4)).

On August 13, 2021, defendant pled guilty as charged in both cases and admitted the prior strike in exchange for a referral to drug court. Defendant entered the plea in hopes he would be accepted into the drug court program, but no promises were made regarding sentencing or acceptance into the program. Defendant's acceptance into the program hinged on the court's willingness to dismiss the prior strike pursuant to *People*

---

[1] All further statutory references are to the Penal Code.

*v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Accordingly, he filed a *Romero* motion, but it was denied.

On November 5, 2021, defendant was sentenced to a total aggregate term of 7 years 4 months in both cases. In the first case, he was sentenced to the middle term, doubled to six years pursuant to the prior strike conviction. In the second case, he was sentenced in count 1 to one-third the middle term, doubled to 16 months pursuant to the prior strike conviction to be served consecutive to the term in the first case. In count 2, he was sentenced to three years to be served concurrent with count 1.

On December 30, 2021, defendant filed a notice of appeal in the first case, which this court construed to include the second case.

## FACTUAL BACKGROUND[2]

### A.    Stipulated Facts

The parties stipulated to the following facts:

On or about July 27, 2021, defendant entered an uninhabited home with the intent to commit a theft.

On or about July 29, 2021, defendant did possess items that amounted to over $950 that he knew had been stolen.

### B.    Additional Facts[3]

On July 28, 2021,[4] a probation officer and sheriff's deputy searched defendant's vehicle and found a weed trimmer, radio, digital camera, acoustic guitar, miter saw, air compressor, and several ceramic plates with horse scenes on them. Defendant reported he traded Dorthia Raven four grams of heroin for the stolen property. He said Raven had

---

[2]    Defendant's appeal concerns sentencing in the second case only; therefore, we restrict our facts to those bearing on that issue.

[3]    The additional facts are derived from the probation report.

[4]    The complaint and the stipulated facts indicate defendant was caught with the property on July 29, 2021, but the probation report lists July 28 as the date.

contacted him the previous day and told him she obtained the property from her aunt's house because her uncle had recently passed away and the house was vacant. According to defendant, they made the exchange that same day.

## DISCUSSION

Defendant contends the sentence for receiving stolen property (count 2) should have been stayed pursuant to section 654 because the crime involved the same property stolen during the burglary (count 1) and he harbored a single intent in committing the crimes. We agree the sentence in count 2 should have been stayed.

### A.    Applicable Law

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." When it applies, "the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.' " (*People v. Jones* (2012) 54 Cal.4th 350, 353.)

"Section 654 has long been interpreted to preclude multiple punishments not only for a single act that violates more than one statute, but for an indivisible course of conduct." (*People v. Mejia* (2017) 9 Cal.App.5th 1036, 1042.) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor." (*Id*. at pp. 1042–1043.) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) "If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may

4.

be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " (*Ibid*.)

"Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) Where, as here, the trial court makes no explicit factual findings with respect to the application of section 654 and does not stay the sentence, we must affirm the trial court's determination that section 654 does not apply if substantial evidence supports its implicit factual findings. (*People v. Mejia*, *supra*, 9 Cal.App.5th at p. 1045.) "We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*Jones*, at p. 1143.) Section 654's prohibition against multiple punishment applies to the execution of concurrent sentences because a concurrent sentence is considered punishment. (*People v. Duff* (2010) 50 Cal.4th 787, 796.)

**B.     Discussion**

In the instant case, the complaint in the second case alleged in count 1 that on or about July 27, 2021, defendant entered an uninhabited house with the intent to commit larceny or a felony. Defendant pled guilty and stipulated that he "did enter an uninhabited home with the intent to commit a theft." With respect to count 2, the complaint alleged that on or about July 29, 2021, defendant received stolen property "that had been obtained in a manner constituting theft and extortion, specifically, Echo Weed Trimmer, air compressor, Dewalt drill, guitar, knowing the property to be so stolen and obtained." He pled guilty and stipulated that he "did possess items that amounted to over $950 that he knew had been stolen." When the probation officer and sheriff's deputy searched his vehicle they found "a new Echo weed trimmer, a Dewalt radio, a black

5.

Nikon digital camera, an acoustic guitar, a Ryobi miter saw, a porter cable air compressor, and several ceramic plates with horse scenes on them."

The circumstances here are similar to those in *People v. Allen* (1999) 21 Cal.4th 846 where the defendant burglarized three homes, stealing jewelry from each of the homes. In one instance, one home was burglarized between noon and 1:30 p.m., and the items taken were sold to a secondhand dealer by 1:45 p.m. the same day. In another instance, adjacent homes were burglarized between 11:00 a.m. and 1:00 p.m., and the items were sold to a secondhand dealer by 1:20 p.m. the same day. (*Id.* at p. 849.) The defendant was convicted of three counts of burglary and two counts of receiving stolen property involving the jewelry taken in the burglaries. (*Id.* at p. 850.) The Supreme Court affirmed the defendant's convictions of both burglary and receiving stolen property, but also indicated it approved of the trial court's stay of execution of sentence for receiving stolen property. (*Id.* at pp. 866–867.)

Here, as in *Allen*, the property taken in the burglary was the same property that was the basis of the receiving stolen property charge. However, whether defendant could be punished for both acts depended on his intent in committing the acts. Defendant's intent in committing the burglary was to commit a theft. We find there is no evidence, let alone substantial evidence, in the record supporting the trial court's implied finding that defendant had a separate objective when he received the stolen property.

The People argue the offenses were two independent acts because they did not occur simultaneously or in close temporal proximity to one another; however, while temporal proximity is a relevant consideration, it is not determinative of whether defendant harbored a single objective. (*People v. Evers* (1992) 10 Cal.App.4th 588, 603, fn. 10.; see *People v. Ordonez* (1991) 226 Cal.App.3d 1207, 1239 ["It is the defendant's intent and objective, not the 'temporal proximity' of his crimes, which we examine to determine whether section 654 applies."].)

6.

Because substantial evidence does not support the trial court's implied finding that defendant harbored a separate intent when he received the stolen property, we conclude section 654 bars imposition of a concurrent sentence in count 2.

## DISPOSITION

The judgment in case No. CRF67307 is modified to stay the sentence in count 2. The trial court is directed to prepare an amended abstract of judgment and forward copies to the appropriate entities. As so modified, the judgment is affirmed. The judgment in case No. CFR67253 is affirmed.